No. 5:07-CV-1-BO

| | |
|---|---|
| EDWARD G. DONOVAN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| JOHN E. POTTER, | ) |
| Postmaster General, | ) |
| | ) |
| Defendant. | ) |
| | ) |

O R D E R

This matter is before the Court on Defendant's Motion to Dismiss pursuant to FED. R.

CIV. P. 12(b)(6) or, alternatively, Motion for Summary Judgment pursuant to FED. R. CIV. P. 56.

Defendant argues that Plaintiff failed to provide sufficient allegations to support a claim for

discrimination based on physical disability or retaliation based on Plaintiff's former EEO

complaints. Plaintiff claims he was discriminated against in violation of the Rehabilitation Act

of 1973 and retaliated against in violation of 42 U.S.C. § 2000e, *et seq*.

For the reasons stated below, Defendant's Motion to Dismiss is converted to a Motion for

Summary Judgment and Defendant's Motion for Summary Judgment is GRANTED.

## I.    SUMMARY OF THE INSTANT DISPUTE

Plaintiff worked as a Distribution Window Clerk at the Sanford Post Office ("Post

Office") in Sanford, North Carolina. On March 3, 2005, Plaintiff submitted a "Request for

Restricted Work Assignment" and a copy of a medical note from Dr. Shawn Hocker in which Dr.

Hocker stated that Plaintiff suffered from left knee pain and was restricted to jobs categorized as

"desk duties." Defendant scheduled a second examination with Dr. Ward Oakley for April 15, 2005, after which Dr. Oakley concluded that Plaintiff had the appearance of a weight-lifter and did not require work restrictions. As a form of tie-breaker, a third opinion was requested from Dr. Paul F. Lachiewicz on June 1, 2005. Dr. Lachiewicz recommended a sitting, desk-type job for eight hours a day.

Following the receipt of Dr. Lachiewicz's opinion, the Greensboro District Reasonable Accommodation Committee ("DRAC") met on July 12, 2005, to consider Plaintiff's request for accommodation. Both Plaintiff and his attorney were present at the meeting and Plaintiff requested that he be considered for a management position. The DRAC told Plaintiff that no vacant, funded positions existed in Sanford that fit his requirements, that DRAC would inquire as to whether Raleigh or Fayetteville had any opportunities, and that management positions required movements that exceeded Plaintiff's work restrictions.

Ultimately, after DRAC made numerous attempts to locate a position that fit Plaintiff's restrictions in Raleigh and Fayetteville, Plaintiff was notified on August 24, 2005, that he would be accommodated by creating a lobby clerk position in the Post Office. The lobby clerk position entailed sitting in the lobby, instructing customers on the use of the Automated Postal Center ("APC"), and encouraging customers to use the APC, which was not generating the anticipated revenues. Plaintiff was provided a flat bottom chair with height adjustment, back and arm support, and was permitted to sit, stand, or walk as needed. After a few days as a lobby clerk, Plaintiff began to complain of pain in his back. He requested a desk for his position as lobby clerk, which the Post Office denied. On September 28, 2005, Plaintiff notified the Post Office that he would not be returning to work until he had been examined by the Durham VA Hospital.

-2-

Plaintiff filed a claim for worker's compensation, which was denied on December 8, 2005. Plaintiff then filed a complaint with the United States Postal Service ("USPS") EEO alleging that he was retaliated against due to his earlier EEOC complaints and that he was discriminated against based on physical disabilities. An investigative report was produced and provided to Plaintiff on March 1, 2006. Plaintiff requested a hearing and, on August 30, 2006, Administrative Judge Anita Foye-Silver remanded Plaintiff's complaint to the Postal Service for issuance of a final agency decision. The final decision was issued on September 26, 2006, denying Plaintiff's claims of discrimination and retaliation.

Plaintiff filed a Complaint in this Court on January 2, 2007, repeating his allegations of discrimination and retaliation. Defendant filed a Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) or, alternatively, Motion for Summary Judgment pursuant to FED. R. CIV. P. 56 on June 30, 2008. These motions are now before the Court.

## II. DISCUSSION

For the reasons stated below, Defendant's Motion to Dismiss is converted to a Motion for Summary Judgment and Defendant's Motion for Summary Judgment is GRANTED.

### A. Motion to Dismiss

Where, on a motion under FED. R. CIV. P. 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, "the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). Defendant provided a substantial amount of records and photographs as exhibits to his brief which are not excluded by this Court.

-3-

Accordingly, Defendant's Motion to Dismiss is treated as one for summary judgment.[1]

## B.    Motion for Summary Judgment

There are two issues in this case: (1) whether Plaintiff provided sufficient allegations to create a genuine issue as to whether he was discriminated against based on a disability; and (2) whether Plaintiff provided sufficient allegations to create a genuine issue as to whether he was retaliated against for filing complaints with the EEOC. A district court should grant summary judgment where there are no genuine issues of material fact for trial. FED. R. CIV. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party has the initial burden of establishing the lack of a genuine issue as to any material fact, and if that burden is met, the party opposing the motion must "go beyond the pleadings" and come forward with evidence of a genuine factual dispute. *Celotex,* 477 U.S. at 324. The court must view the facts and the inferences drawn from the facts in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986), however, conclusory allegations and unsupported speculation are not sufficient to defeat a motion for summary judgment. *Cf. Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987).

## A.    Plaintiff failed to provide sufficient allegations to create a genuine issue as to whether he was discriminated against because Defendant reasonably accommodated Plaintiff's condition.

[1]The Court is aware of the requirement that all parties be given a reasonable opportunity to present all the material that is pertinent to the motion. FED. R. CIV. P. 12(d). The requirement is fulfilled here because Defendant filed the Motion to Dismiss contemporaneously with the Motion for Summary Judgment, both of which Plaintiff has responded to.

Section 504 of the Rehabilitation Act of 1973, as amended, provides that no "otherwise qualified individual with a disability... shall, solely by reason of her or his disability,... be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). The ADA and the Rehabilitation Act are repeatedly construed by the Fourth Circuit to impose the same requirements and require the same analysis. *See Spencer v. Earley*, 278 Fed.Appx. 254, 261 (4th Cir. 2008). Thus, in a failure to accommodate case, a plaintiff establishes a prima facie case by showing "(1) that he was an individual who had a disability within the meaning of the statute; (2) that the [employer] had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of the position...; and (4) that the [employer] refused to make such accommodations." *Rhoads v. F.D.I.C.*, 257 F.3d 373, 387 (4th Cir. 2001) (internal citations omitted), *cert. denied*, 535 U.S. 933 (2002).

Because Plaintiff fails on the fourth prong, the first three prongs need not be considered. Pursuant to Plaintiff's Request for Restricted Work Assignment, Defendant provided Plaintiff with a position as a Lobby Director. A Lobby Director sits in the lobby and directs customers on how to use the APC and encourages customers to use the APC. Plaintiff was provided with a flat-bottomed chair with height adjustment and back and arm support and was permitted to sit, stand, or walk around throughout his shift. He did not need to type, move papers around, lift files or folders, or perform other manual tasks associated with desk-type jobs. Rather, Plaintiff was merely required to sit and talk. Although Plaintiff's shifts were longer than eight hours, Plaintiff was given extended breaks to accommodate the extended shifts. Thus, Plaintiff was reasonably accommodated.

Plaintiff contends that he could have performed managerial work and should have been

Case 5:07-cv-00001-BO   Document 56   Filed 12/10/08   Page 5 of 7

placed in a managerial position. However, "[b]y definition, the determination of reasonableness is an *objective* analysis, not a subjective one dominated by either party's concerns." *Williams v. Channel Master Satellite Systems, Inc.*, 101 F.3d 346, 350 (4th Cir. 1996), *cert. denied*, 520 U.S. 1240 (1997) (emphasis in original; abrogated on unrelated grounds). Plaintiff's assertion that he could work in a managerial position does not make Defendant's lobby clerk placement unreasonable. Therefore, because Defendant reasonably accommodated Plaintiff, Defendant's Motion for Summary Judgment is GRANTED.

B. Plaintiff failed to provide sufficient allegations to create a genuine issue as to whether he was retaliated against because he failed to allege that Defendant took an adverse action against him.

In order to state a prima facie claim of retaliation, Plaintiff must show that: (1) he engaged in a protected activity; (2) the employer took adverse employment action against him; and (3) a causal connection existed between the protected activity and the adverse action. *Causey v. Balog*, 162 F.3d 795 (4th Cir. 1998). Plaintiff engaged in the protected activity of filing EEO complaints. *Id.*

However, Plaintiff has failed to allege that Defendant took any adverse employment action. "Evidence that the terms, conditions, or benefits of employment were adversely effected is the sine qua non of an adverse employment action." *Von Gunten v. Maryland*, 243 F.3d 858, 866 (4th Cir. 2001) (internal quotations and citations omitted). The alleged "retaliation" Plaintiff claims is that Defendant placed him in a non-ergonomic chair during the course of work days that exceeded eight hours. However, Plaintiff was placed in the lobby clerk position pursuant to his Request for Restricted Work Assignment. Plaintiff's salary was not reduced and the lobby clerk

position had fewer exertional requirements than the desk-type position his doctors recommended, as explained above. In addition, the chair with which Plaintiff was provided was approved by the Government nurse. Accordingly, because Plaintiff failed to sufficiently allege that Defendant took an adverse action against him, Defendant's Motion for Summary Judgment is GRANTED as to Plaintiff's retaliation claim.

III.    CONCLUSION

Defendant's Motion to Dismiss is converted to a Motion for Summary Judgment pursuant to FED. R. CIV. P. 12(d). Defendant's Motion for Summary Judgment is GRANTED because: (1) Plaintiff failed to allege sufficient facts to create a question as to whether he was provided reasonable accommodations; and (2) Plaintiff failed to allege sufficient facts to create a question as to whether Defendant took an adverse employment action against him.

SO ORDERED, this __9__ day of December 2008.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

-7-